# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

JOSE P. VAZQUEZ,

                                   Plaintiff,

        v.

                                             5:18-CV-1492

MICHAEL J. ASTRUE, Comm. Soc. Sec.,         (DNH/ATB)
et al.,

                                 Defendants.

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"),[1] and a request for appointment of counsel,[2] filed by pro se plaintiff, Jose P. Vazquez. (Dkt. Nos. 1, 2, 11).

## I.    IFP Application

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 11). This court agrees, and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in

---

[1] Plaintiff initially filed this action on December 28, 2018. (Dkt. No. 1). However, the case was administratively closed due to plaintiff's failure to comply with the IFP application process and filing fee requirements. (Dkt. No. 4). On September 6, 2019, plaintiff filed the appropriate application to proceed IFP, and the case was reopened. (Dkt. Nos. 11, 12, 13).

[2] Plaintiff originally filed a motion for appointment of counsel with his complaint, but did not renew that motion when he filed his new application to proceed IFP. The court will discuss the plaintiff's request below, even though it does not appear that such a motion is pending.

the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint

under the above standards.

## II.  **Complaint**

The complaint in this action is very confusing.  However, the court will attempt to interpret plaintiff's claims as liberally as possible.[3]  Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and has named the following defendants: Michael Astrue, a former Commissioner of Social Security; David Stukowy [sic],[4] the Commissioner of the Onondaga County Department of Social Services ("DSS"); NYS Parole "individually and in its official capacity"; James - Rescue Mission Personnel in his "individual and official capacity." (Compl. at 1).

Plaintiff's preliminary statement alleges that this case is a "civil rights" action for compensatory and punitive damages for "Discrimination denial of the Human Rights Commission," and for "violating these rules under the undomicile resources on transition from Prison or Jail and Being on Parole." (Compl. at 1).  The rest of the complaint is a blend of various allegations, citations, and apparent arguments, that rarely contain dates of occurrence, persons responsible, or federal bases for jurisdiction.[5] (Compl. at 2-10).

---

[3] *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein).

[4] The name of the Commissioner of DSS is spelled "Sutkowy."  The court will use the proper spelling of his name in this Order and Report-Recommendation.

[5] The court also notes that plaintiff has filed another similar law suit in the Northern District of New York that was dismissed with prejudice on July 31, 2019, with judgment for the defendants entered the same day. *Vazquez v. Stanford*, No. 1:18-CV-1071 (N.D.N.Y. July 31, 2019), *adopting* Rep't-Rec. by Magistrate Judge Daniel Stewart, dated June 6, 2019 (Dkt. Nos. 22. 26, 27 in 18-CV-1071).  In 18-CV-1071, plaintiff had been given an opportunity to amend, but failed to comply with the direction of the court in his amended submission. (*Id.*)  Magistrate Judge Stewart initially recommended sua sponte dismissal of plaintiff's complaint, with an opportunity to amend. (Dkt. No.

Plaintiff states that he was released on parole from Greene Correctional Facility on October 4, 2018. (Compl. at 2). Plaintiff seems to be complaining about an employee of the Rescue Mission, named James, who apparently had plaintiff "discharged" from the Rescue Mission, without proper authority, shortly after plaintiff's release on parole for two allegedly "negative" drug tests, administered on October 30, 2018. (Compl. at 2). Plaintiff states that "[t]he subsequent result [sic] another parole violation, lost [sic] of property, legal work, and credentials. (*Id.*) This court has interpreted these statements as alleging that defendants do not properly prepare parolees or "establish" housing, placement, or clothing, making subsequent parole violations more likely. (Compl. at 2). Plaintiff cites only New York State statutes as a basis for his claim.[6]

Unfortunately, the rest of plaintiff's complaint is a litany of allegations, some of which relate to matters that apparently occurred years ago, including an alleged assault by CO Peters and a John Doe officer at "Willard," which left plaintiff paralyzed for two weeks, with no medical attention, and "no witnesses." (Compl. at 3). This alleged assault was the subject of plaintiff's previous action in this court and has been dismissed with prejudice as time-barred.[7] 18-CV-1071 (Dkt. No. 9 at 5, 6, 8), *adopted* Feb. 4, 2019 (Dkt. No. 10). In this complaint, plaintiff also criticizes the Court of

---

18-CV-1074, Dkt. No. 9). The court will discuss Magistrate Judge Stewart's recommendations as they become relevant to the recommendation in this action.

[6] Plaintiff cites, inter alia, the New York Human Rights Law, § 296(a)(1)(b), the New York State Insurance Law, §§ 2606, 2607, and the New York State Executive Law, § 296-i. (Compl. at 2).

[7] In any event, neither C.O. Peters, nor any Officer "Doe" are named as defendants in this case.

4

Claims Judge who apparently "violated Court Protocol," but is not named in this action. (Compl. at 3).

Plaintiff states generally, that there was a "violation of *Brown v. Evans*, the violation by virtue of the increase from 97 days to 12 months without the appropriate recission [sic] and right to counsel." (Compl. at 3). *Brown v. Evans*, 39 Misc. 3d 171 (S. Ct. N.Y. Cty 2012) is a parole revocation case in which the court found that the respondent chairperson of the New York State Department of Corrections and Community Supervision ("DOCCS") was not authorized to order a time assessment of 24 months with no alternative as an addendum to the decision of an Administrative Law Judge. *Id.* Plaintiff in this case cites *Brown v. Evans* various times, but does not relate this to any claim in his particular case.[8] Plaintiff claims that this court "has jurisdiction to release Plaintiff from the illegal restraint, confinement, back to Parole Supervision, until such time as our learned courts decide on the basis of the illegal confinement and malicious prosecution."[9] (Compl. at 4).

Plaintiff then mentions "violations of" *Bounds v. Smith* and *Lewis v. Casey*, stating that there was no access to the law library and "copies are out of the question" at the Onondaga County Correctional Facility. (*Id.*) Plaintiff states that inaccurate information "brings forth the fact of Parole the role they play [sic]," and that inaccurate

---

[8] The court also notes that plaintiff complained about parole violations in his previous federal lawsuit. (Dkt. No. 9 in 18-CV-1078 at 6).

[9] It appears that plaintiff is referring to his original 1974 conviction because he states that "[w]herin a Murder A-1 charge without the necessary underlying felony to support said charge. The so-call [sic] attempted robbery & (no bill) on indictment which once our learned court reviews under the Executive Law 259-k access to records, the truth will surface." (Compl. at 4).

information cost the Department of Justice "16 Billion Dollars." (*Id.*)  Plaintiff makes some additional statements and then asserts that DSS, Parole, and the Rescue Mission's were derelict in their duties and responsibilities, and that they had no resources or housing to "complete the task of the appropriate transition and the Human Decency Clause of the Constitution." (Compl. at 5).

Plaintiff also mentions the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. (*Id.*)  It is unclear why plaintiff cites either one of those statutes, although plaintiff does allege that he has multiple health conditions and 70 years old.  Plaintiff may be attempting to claim that because he is elderly and suffers from a variety of health issues, his poor treatment by "Parole" and the Rescue Mission personnel is somehow in violation of both the ADA and Title VII.[10]

Plaintiff states that individuals coming out of prison are "undomiciled" and homeless, and that shelters are discharging individuals "illegally" and "Parole" arresting them on fabricated parole violations. (*Id.*)  Plaintiff claims that the Rescue Mission personnel "combined" with the Parole agency to violate individuals' rights generally. (Compl. at 6).  Plaintiff appears to attempt to claim that the defendants Rescue Mission and Parole are guilty of "elder abuse" based on their conduct.[11]

---

[10] Plaintiff cites 42 U.S.C. § 12117, which is entitled "Enforcement," and states that the powers of enforcement contained in Title VII shall be the powers of enforcement provided for individuals under the ADA.  Plaintiff's citation of this section does not add anything to his claims.

[11] As will be further discussed below, the complaint alternates between discussing the facts in plaintiff's case and discussing the facts of cases which plaintiff cites in "support" of his claims.  Thus, in some instances it is difficult to distinguish between the two.

(Compl. at 6, 7).

Plaintiff also states that Social Security never addressed his survivors' benefits when his wife died in 2013, his step daughter had his wife cremated, and then "took all our property." (Compl. at 8). At the end of his complaint, although he calls it a Memorandum of Law, plaintiff talks about "the *Bruton* rule" and states that "as the first offender Vazquez is left to defend himself without competent counsel." (Compl. at 10). It appears that plaintiff is referring to his original 1974 conviction. In another part of the complaint, plaintiff states that he "seeks to enjoin these defendants," but does not indicate what he would like the court to enjoin. Plaintiff then cites random cases with defendant Astrue as a party. Plaintiff also mentions a case in which relief was afforded pursuant to a settlement agreement. (Compl. at 8). His request for "injunctive" relief is very difficult to understand, although he does states that the court has jurisdiction to release him from his current confinement. (Compl. at 8).

## III.  Rule 8

### A.  Legal Standards

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of claim showing that the pleader is entitled to relief,' and that each averment be 'concise and direct.'" *Whitfield v. Johnson*, No. 18-CV-1232, 2018 WL 1385890, at *2 (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quoting Fed. R. Civ. P. 8(a)(2), 8(d)(1)).

### B.  Application

The court is well-aware that pro se pleadings must be read to raise the strongest

arguments that they suggest. *Burgos*, 14 F.3d at 790. In this case, even if read liberally, plaintiffs' complaint fails to give the defendants fair notice of plaintiff's claims and fails to allege facts against the defendants named in the caption of the complaint. Plaintiff's previous complaint in this court - 18-CV-1078 - suffered from the same deficiency, and plaintiff failed to correct his vague allegations, although Magistrate Judge Stewart and District Judge Hurd gave him the opportunity to do so. (Dkt. Nos. 9, 22, 26 in 18-CV-1071).

The complaint in this action is similar to 18-CV-1087 and does not afford defendants any opportunity for meaningful answers. With minor changes and additions, plaintiff repeats many of the same claims that were dismissed in 18-CV-1071. To the extent that plaintiff asks for some sort of injunctive relief, he has not described what it is that he wishes defendants to do or what they could have done to prevent his multiple parole violations. He appears to complain that the defendants do not properly treat parolees in general, guaranteeing that they will violate parole. But plaintiff does not indicate what the defendants could have done or could do for him to rectify a variety of situations. Thus, as it is written, the complaint is a stream of consciousness, repeats many dismissed allegations, and fails to comply with Rule 8. The complaint may be dismissed on that basis. The law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir.

1987)); *Pourzandvakil v. Humphry*, No. 94–CV–1594, 1995 WL 316935, at *7

(N.D.N.Y. May 22, 1995). Sua sponte dismissal is proper when the complaint is

"largely unintelligible and 'lacks an arguable basis either in law or in fact.'" *See Brown*

*v. City of New York*, No. 18-1350, slip op. at 10 (2d Cir. Sept. 16, 2019) (quoting

*Neitzke*, *supra*). However, to the extent that the court can discern some claims, the

bases for dismissal will be discussed below.

## IV.    <u>Defendant Astrue</u>

Plaintiff has named Michael Astrue, a former Commissioner of Social Security.[12]

First, defendant Astrue may not be sued under 42 U.S.C. § 1983. Section 1983 cases

are reserved for individuals who act "under color of ***state*** law." 42 U.S.C. § 1983. It is

undisputed that, as the Commissioner of Social Security, defendant Astrue would act

under color of ***federal*** law. Thus, to name defendant Astrue as an "individual," plaintiff

would have to allege that defendant Astrue violated plaintiff's constitutional rights

under *Bivens v. Six Unknown Named Agent of the Federal Bureau of Narcotics*, 403

U.S. 388 (1971).

Even assuming that this court liberally construed plaintiff as bringing an action

"individually" against defendant Astrue under *Bivens*, the claim would have to be

dismissed for various reasons. A plaintiff in a *Bivens* action must allege facts

indicating that the defendant was personally involved in the claimed constitutional

violation. *Alharbi v. Miller*, 368 F. Supp. 3d 527, 564 (E.D.N.Y. 2019) (citing *Arar v.*

---

[12] On June 17, 2019, Andrew Saul was sworn in as the new Commissioner of Social Security. Thus, the current Commissioner for purposes of "Official Capacity" actions, to the extent that jurisdiction for such an action would be available pursuant to the Social Security Act, is Commissioner Saul.

*Ashcroft*, 585 F.3d 559, 569 (2d Cir. 2009)).  Plaintiff does not cite any facts that would indicate that defendant Astrue was personally involved in any conduct described by plaintiff, nor would it be likely that the Commissioner of Social Security would be personally involved in one individual's case.  Thus, plaintiff may not name defendant Astrue "individually."

To the extent that plaintiff seeks to name defendant Astrue in his "official capacity," Michael Astrue is no longer the Commissioner of Social Security.  Thus, he currently has no "official capacity," and he may not be named as a defendant in that capacity.  To the extent that plaintiff seeks some type of an "injunction" from the Commissioner of Social Secuity, it is unclear what relief plaintiff seeks.[13]  Plaintiff also seems to make some vague references to what might be interpreted as "survivors" benefits, stating that "spousal survival benefits [sic] never addressed when my wife died in 2013 . . . ." (Compl. at 8).  However, plaintiff also cites a variety of cases that do not involve survivors' benefits that this court has examined to determine what plaintiff might be attempting to claim.

The Social Security cases cited by plaintiff, generally involve complaints brought pursuant to the Social Security Act, 42 U.S.C. § 405(g).  Plaintiff's reference to a "settlement agreement" likely involves the settlement agreement in *Padro v. Astrue*, No. 11-CV-1788 (E.D.N.Y. Oct. 18, 2013) ("*Padro*" Settlement), cited in *Mai v. Colvin*, No. 14-CV-5414, 2015 WL 8484435, at *1 (E.D.N.Y. Dec. 9, 2015).  In the

---

[13] In order to name the Commissioner of Social Security in his official capacity, he would have to name the current Commissioner, Andrew Saul, or simply name the "Commissioner of Social Security." Fed. R. Civ. P. 17(d).

*Padro* class action, plaintiffs whose Social Security disability benefits were denied by one of five named Administrative Law Judges were entitled to a readjudication of his or her claim before a different ALJ. Id. at *1 n.1. However, the settlement required that class members affirmatively request readjudication within sixty days of receiving their notice of right to relief, and plaintiff in this case makes no reference to facts that would establish his membership in the cited class.[14] Plaintiff's citation to this case law is not relevant to any of the facts in this action.

Plaintiff also cites a 2011 class action in which the plaintiffs were challenging the Social Security Administration's interpretation of two statutory amendments which permitted the agency to withhold benefits of individuals with outstanding warrants for probation or parole violations. (Compl. at 8) (citing *Clark v. Astrue*, 274 F.R.D. 462 (S.D.N.Y. 2011)). However, the facts asserted in this complaint are too vague to establish that plaintiff is making this challenge, and it is clear that plaintiff has on various occasions been found to have violated parole.[15]

To the extent that he somehow challenges his right to "survivors" benefits, such a claim may not proceed in this action. A party seeking to sue the United States or its agencies or employees must identify a specific statutory provision that clearly waives the government's sovereign immunity. *Kamara v. Commissioner of Social Security*, No.

---

[14] In any event, this action would not be the appropriate vehicle to bring such a claim. Plaintiff would have had to file a separate action, making claims based on the settlement agreement after the appropriate notification from the Social Security Administration.

[15] The plaintiffs in *Clark* were challenging a Social Security policy which caused the suspension of benefits only upon the issuance of a warrant for violation of probation or parole, without waiting for the actual adjudication, a policy that was invalidated by the Second Circuit. *See Clark v. Astrue*, 602 F.3d 140 (2d Cir. 2010).

18-CV-3672, 2019 WL 2300632, at *2 (E.D.N.Y. May 30, 2019) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992)). Congress provided a partial waiver of sovereign immunity in 42 U.S.C. § 405(g)[16] by permitting judicial review of a Commissioner's denial of benefits for disability and supplemental security income benefits. *Id.* (citing 42 U.S.C. 405(g)). The statute provides that a challenge must be made within sixty days of receipt of a "final decision" of the Commissioner. *Id.* The sixty-day limit is a "condition" on the waiver of sovereign immunity, and it is strictly construed, even if a plaintiff is pro se. *Id.* (citations omitted).

In this case, plaintiff states that his wife died in 2013, and the issues of "spousal" benefits, his wife's cremation, and theft of her property by a step daughter were "never addressed." (Compl. at 8). Plaintiff does not allege that there was a final decision by the Commissioner for purposes of the sixty day time limit, nor does he cite any other statute that would allow him to bring this type of claim.

Finally, the court notes that plaintiff named defendant Astrue in 18-CV-1087. However, in that action, plaintiff claimed only that he was denied his Social Security benefits because "Parole took keep [sic] my wallet with all my credential [sic] (benefit card . . . ) phone and property . . . (contrary [to] the case of *Clark v. Astrue*, 274 F.R.D. 462 (2013)." (Compl. in 18-CV-1071 at 8). Plaintiff's claims, including the claim against defendant Astrue, were ultimately dismissed with prejudice as stated above on

---

[16] Certain benefit categories are defined in 42 U.S.C. § 402, "Old-age and survivors insurance benefit payments." Section 402(x) provides limitations on payments "to prisoners, certain other inmates of publicly funded institutions, fugitives, probationers, and parolees."

July 31, 2019. To the extent that plaintiff brought this claim against defendant Astrue in 18-CV-1081, it has already been dismissed by this court, and plaintiff may not bring the same claim again in a different action.[17]

## V. <u>Personal Involvement</u>

### A. <u>Legal Standards</u>

As with *Bivens* actions, personal involvement is a prerequisite to the assessment of damages in a section 1983 action, and respondeat superior is an inappropriate theory of liability. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). In *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986), the Second Circuit detailed the various ways in which a defendant can be personally involved in a constitutional deprivation, and thus be subject to individual liability.

A supervisory official is personally involved if that official directly participated in the infraction. *Id.* The defendant may have been personally involved if, after learning of a violation through a report or appeal, he or she failed to remedy the wrong. *Id.* Personal involvement may also exist if the official created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue. *Id.* Finally, a supervisory official may be personally involved if he or she were grossly negligent in managing subordinates who caused the unlawful condition or event. *Id. See also Iqbal v. Hasty*, 490 F.3d 143, 152–53 (2d Cir. 2007) (citing *Colon v. Coughlin*, 58 F.3d 865, 873) (2d Cir. 1995)), *rev'd on other grounds*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[17] This court covered the additional "claims" against defendant Astrue because only the claim based on *Clark* was brought in the prior action.

Some courts have discussed whether all of the *Colon* factors are still viable after *Ashcroft*. *See Conklin v. County of Suffolk*, 859 F. Supp. 2d 415, 439 (E.D.N.Y. 2012) (discussing cases). However, the court in *Conklin* ultimately determined that it was unclear whether *Colon* had been overruled or limited, and continued to apply the factors outlined in *Colon*. *Id.* In making this determination, the court in *Conklin* stated that "it remains the case that 'there is no controversy that allegations that do not satisfy any of the *Colon* prongs are insufficient to state a claim against a defendant-supervisor.'" *Id.* (quoting *Aguilar v. Immigration Customs Enforcement Div. of the U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 803, 815 (S.D.N.Y. 2011)). *See also Jones v. Smith*, No. 09-CV-1058 (GLS/ATB), 2015 WL 5750136, at *8 n.6 (N.D.N.Y. Sept. 30, 2015) (discussing the use of the *Colon* factors absent definitive guidance from the Second Circuit).

B.     **Application**

In this case, plaintiff names Commissioner Sutkowy as a defendant, but then never mentions him again in the body of the complaint. On one page, plaintiff mentions "DSS," but there are no facts that describe the conduct of any employee at DSS, let alone the Commissioner of the department, who is in a supervisory position. (*See* Compl. at 9) ("The Rescue Missions [sic] position of resources under Constitution [sic] those expectations not being addressed, housing, clothing, DSS.") There is no further mention of DSS or defendant Sutkowy. Thus, plaintiff has failed to allege any personal involvement by this defendant, and the complaint may be dismissed in its entirety as against defendant Sutkowy.

## VI.   Eleventh Amendment

### A.   Legal Standards

The Eleventh Amendment provides that states have immunity against suits in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). An action against state officers in their official capacities, or an action against an agency of the state, is tantamount to an action against the state. *Yorktown Medical Laboratory v. Perales*, 948 F.2d 84, 87 (2d Cir. 1991) (official capacity actions); *Santiago v. New York State Dep't of Correctional Services*, 945 F.2d 25, 28 n.1 (2d Cir. 1991) (agencies of the state).

### B.   Application

Plaintiff has named "Parole NYS" as a defendant in this case. Plaintiff begins his complaint by stating that this is an action for "compensatory and punitive damages," although he does not indicate how much those damages might be. Plaintiff also says that he is asking to "enjoin" the defendants, although he does not state what injunction he seeks from any individual named defendant.

To the extent that plaintiff is seeking damages, the Eleventh Amendment prevents plaintiff from suing the New York State Division of Parole. If plaintiff is seeking some sort of injunctive relief, he has not specified what relief he is requesting. The Eleventh Amendment does not bar claims for prospective injunctive relief against state officials in their official capacities. *See Verizon Maryland Inc. v. Public Serv. Com'n of Maryland*, 535 U.S. 635, 645 (2004) (citing *Ex parte Young*, 209 U.S. 123 (1908)). That exception to Eleventh Amendment immunity does not extend to requests

for injunctive relief relating to past constitutional violations. *See Morgan v. Dzurenda*, No. 3:14-CV-966(VAB), 2015 WL 5733723, at *9 (D. Conn. Sept. 29, 2015).

In this case, plaintiff's statement that he wishes the defendants to be "enjoined" is far from the specific relief that a motion for injunctive relief requires. Parolees have a limited due process right which entitles them to 'conditions of parole that are reasonably related to their prior conduct or to the government's interest in their rehabilitation. *Ennis v. Annucci*, No. 5:18-CV-501, 2019 WL 2743531, at *7 (N.D.N.Y. July 1, 2019) (quoting *Singleton v. Doe*, 210 F. Supp. 3d 359, 374 (E.D.N.Y. 2016). This right may be enforced in federal court. *Id.* (citing *Maldonado v. Fischer*, No. 11-CV-1091, 2013 WL 5487429, at *4 (W.D.N.Y. Sept. 30, 2013)).

However, in this case, plaintiff has not identified any specific injunctive relief, and, other than claiming that defendant James evicted him from the Rescue Mission with nowhere to go, plaintiff has not sufficiently alleged that his conditions of parole violate any due process right or that an injunction is required to remedy a future constitutional violation against him by the defendants. Thus, this action for damages must be dismissed as against the Division of Parole based on the Eleventh Amendment, and any possible claim for injunctive relief has not been plausibly stated. Plaintiff's vague demands would require dismissal of any claim for injunctive relief as against all other defendants also based on lack of specificity with respect to the relief he seeks.

## VII.  State Action

### A.  Legal Standards

In order to state a claim under section 1983, plaintiffs must establish that they

16

were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed "under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). The law does ***not*** reach private conduct, no matter how "discriminatory or wrongful." *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). *See Sclafani v. Spitzer*, 734 F. Supp. 2d 288, 297 (E.D.N.Y. 2010) (citing *Brentwood Academy v. Tennessee*, 531 U.S. 288 (2001); *United States v. Morrison*, 529 U.S. 598, 691 (2000)). It is plaintiff's duty to allege state action on the part of the defendants named in a complaint, and a court may dismiss an action under 28 U.S.C. § 1915(e) where a plaintiff fails to plead such a nexus. *See, e.g., Carollo–Gardner v. Diners Club*, 628 F. Supp. 1253, 1256–57 (E.D.N.Y.1986) (dismissing as frivolous pro se complaint where plaintiff failed to allege state action on part of defendants) (citations omitted).

An exception to the above rule occurs if the private individual conspires with a state actor to commit an unconstitutional act, or when he is a willful participant in joint activity with the State or its agents. *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). Conclusory allegations of conspiracy, however, are insufficient to state a claim. *Id.* (citing *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992)).

## B.    Application

Plaintiff has named "James," an employee with the "Rescue Mission." The Rescue Mission is a non-profit, religious organization. *See Davis v. Capital City Rescue Mission*, No. 1:13–CV–1380, 2013 WL 6062325, at *2 (N.D.N.Y. Nov. 18, 2013)

(citing *Davis v. Cuomo*, No. 1:10–CV–0221, Dkt. No. 17 at 5–6 (N.D.N.Y. Oct. 10, 2010) (granting motion to dismiss plaintiff's First Amendment claim against the Rescue Mission)), (Rep't-Rec.), *adopted*, 2013 WL 6497727 (N.D.N.Y. Dec 10, 2013).  Thus, there is no jurisdiction under section 1983 to sue the Rescue Mission.

Plaintiff appears to allege that his situation is similar to a case in Florida in which homeless people were arrested while engaging in "harmless activities," in violation of their constitutional rights. (Compl. at 6) (citing *Pottinger v. Miami*, 810 F. Supp. 1551 (S.D. Fla. 1992).  However, plaintiff does not allege facts, to the extent the court can decipher, plausibly suggesting that "James" conspired with any state actor so as to bestow the "color of state law" on his actions.  Only once does the complaint allege that "Rescue Mission personnel combined with Parole," but the rest of the sentence does not make sense, and plaintiff appears to be claiming that the defendants' actions each combined to create his problem, not that the defendants were "conspiring" to cause plaintiff harm.

## VIII. <u>Opportunity to Amend</u>

### A.  **Legal Standard**

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

### B.  **Application**

To the extent that plaintiff is attempting to raise claims that have been dismissed

with prejudice by this or other courts, I will recommend dismissing with prejudice. To the extent that plaintiff is attempting to make some sort of claim for injunctive relief regarding the conditions of parole release, the court will recommend dismissing without prejudice, and will recommend giving the plaintiff an opportunity to amend. However, if plaintiff is attempting to complain about the conditions of parole, he may name only the Division of Parole because the Rescue Mission does not act under color of state law and it not responsible for determining whether plaintiff violated his parole.

If plaintiff opts to file a proposed amended complaint relative to the conditions of parole release, he is informed that any such amended complaint will ***replace the existing original complaint***, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ('It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

## IX.  Appointment of Counsel

### A.  Legal Standards

There is no right to appointment of counsel in civil matters. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). Title 28 of United States Code Section 1915 specifically provides that a court may request an attorney to represent any person "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance. *Cooper v. A. Sargenti, Inc.*, 877

F.2d 170, 172-73 (2d Cir. 1989).

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the Court in ruling upon such a motion. As a threshold matter, the Court should ascertain whether the indigent's claims seem likely to be of substance. If so, the Court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61). In addition, generally, before the court even considers the *Hodge* factors, the law requires that plaintiff demonstrate to the court that he has sought to obtain pro bono counsel on his own by submitting letters from the attorneys that he contacted which have declined to take his case. *Cooper v. Sargenti*, 877 F.2d at 173-74 (Plaintiff must demonstrate by correspondence that he received from attorneys who declined to represent him).

## B. Application

This action was only recently commenced, and this court is recommending dismissal all of the claims. Thus, there is insufficient substance at this time to even consider appointing counsel. In addition, plaintiff has failed to submit any letters that he sent to attorneys in an attempt to contact attorneys on his own. Thus, the court could deny plaintiff's motion on this basis alone.

In addition, a review of plaintiff's motion for appointment of counsel shows that plaintiff may be confused about the nature of his case. (Dkt. No. 2). Plaintiff requests counsel pursuant to 18 U.S.C. 3006A which provides for appointed counsel in federal criminal actions and in some limited circumstances for habeas corpus petitions brought under 28 U.S.C. § 2254 and 2255. One sentence of plaintiff's complaint alleges that this court has the power to release plaintiff from confinement "until such time [as] our learned courts decide on the basis of the illegal confinement and malicious prosecution." (Compl. at 4). However, plaintiff has not brought a habeas corpus petition. This is purportedly a civil rights action, thus, this court has no basis under section 3006A to appoint counsel for plaintiff.[18]

---

[18] In his application for appointment of counsel, plaintiff states that he has many cases pending relative to his claims, including cases in the New York Court of Claims. (Dkt. No. 2). This court must note that the habeas corpus petition attacking plaintiff's original Murder conviction was dismissed as time-barred. *Vazquez v. Supt. Marcy Correct. Fac.*, No. 16-CV-2499, 2018 WL 559122, at *3 (S.D.N.Y. Jan. 24, 2018). It is unclear what plaintiff believes is pending, but most of his cases have been dismissed in this district, in the Eastern District of New York, and in the New York Court of Claims (*Vazquez v. State of New York*, No. 2019-032-014, Claim No. 1299188 (N.Y. Ct. Claims Mar. 25, 2019).

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 11) is **GRANTED**, and it is

**RECOMMENDED**, that the complaint (Dkt. No. 1) be **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE** as against defendants Astrue; Sutkowy; and James - Rescue Mission Employee; for lack of subject matter jurisdiction, but **without the opportunity to amend**; and it is

**RECOMMENDED**, that the complaint (Dkt. No. 1) be **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE** as against defendant New York State Division of Parole, but **with the opportunity to file an amended complaint** which cures the defects noted above *only* as to the NYS Division of Parole and only with respect to injunctive relief, and it is

**RECOMMENDED**, that if the court adopts this Recommendation, plaintiff be given thirty (30) days from the date of the District Court's Order approving this Report-Recommendation to file a *proposed* amended complaint.  Any such amended complaint will *replace the existing original complaint*, must follow the court's directions herein, and must be a wholly integrated and complete pleading that does *not* rely upon or incorporate by reference any pleading or document previously filed with the court, and it is

**RECOMMENDED**, that if the District Judge adopts this recommendation, and plaintiff files a proposed amended complaint within the time allotted or within any time extended by the court, the proposed amended complaint be returned to me for initial review, and it is

22

**RECOMMENDED**, that if plaintiff fails to file a proposed amended complaint within the time allotted by the court or fails to request a reasonable extension of that time, the complaint be dismissed without further review by the court, and it is

**ORDERED**, that to the extent that plaintiff's motion for appointment of counsel was not addressed (Dkt. No. 2), his motion is **DENIED WITHOUT PREJUDICE,** as discussed above.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated:  September 26, 2019

Hon. Andrew T. Baxter
U.S. Magistrate Judge