**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOSE P. VAZQUEZ,

                                              Plaintiff,

   v.
                                                         5:18-CV-1492

MICHAEL J. ASTRUE, Comm. Soc. Sec.,          (DNH/ATB)
et al.,

                                            Defendants.

---

ANDREW T. BAXTER
United States Magistrate Judge

### REPORT-RECOMMENDATION

The Clerk has sent me what has been filed as a "Motion to Amend" and a "Motion for Preliminary Injunction" in this action. (Dkt. Nos. 20, 21). For the following reasons, I will recommend denying both of plaintiff's "motions," and will recommend dismissal of this action with prejudice.

### I.  Background

Plaintiff filed his original complaint on December 27, 2018, and the case was administratively closed based on plaintiff's failure to comply with the filing fee requirement. (Dkt. Nos. 1, 4). The case was reopened on September 6, 2019 and sent to me for initial review. (Dkt. No. 13). The original defendants were Michael Astrue, Commissioner of Social Security; David Sutkowy, Commissioner of the Department of Social Services; "Parole NYS;" and James - Rescue Mission Employee. (Compl.) (Dkt. No. 1). Plaintiff generally made claims against the defendants, inter alia, in connection

with his release on parole and his violation of parole conditions.[1]  On September 26, 2019, I completed the initial review of plaintiff's original complaint and issued an Order and Report-Recommendation ("ORR"). (Dkt. No. 14).  In my ORR, I stated that:

> In this case, even if read liberally, plaintiffs' complaint fails to give the defendants fair notice of plaintiff's claims and fails to allege facts against the defendants named in the caption of the complaint.  Plaintiff's previous complaint in this court - 18-CV-1078 - suffered from the same deficiency, and plaintiff failed to correct his vague allegations, although Magistrate Judge Stewart and District Judge Hurd gave him the opportunity to do so. (Dkt. Nos. 9, 22, 26 in 18-CV-1071).

(Dkt. No. 1 at 8).  I ultimately recommended dismissal of plaintiff's claims without prejudice but, **without** the opportunity to amend, as to defendants Astrue; Sutkowy; and James - Rescue Mission Employee. (Dkt. No. 14 at 22).  I recommended dismissal without prejudice, but with leave to amend as against the NYS Division of Parole, but only with respect to injunctive relief, relating to conditions of parole release. (Dkt. No. 14 at 15-16, 22).

With respect to the NYS Division of Parole, I stated that

> [p]arolees have a limited due process right which entitles them to 'conditions of parole that are reasonably related to their prior conduct or to the government's interest in their rehabilitation. *Ennis v. Annucci*, No. 5:18-CV-501, 2019 WL 2743531, at *7 (N.D.N.Y. July 1, 2019) (quoting *Singleton v. Doe*, 210 F. Supp. 3d 359, 374 (E.D.N.Y. 2016).  This right may be enforced in federal court. *Id.* (citing *Maldonado v. Fischer*, No. 11-CV-1091, 2013 WL 5487429, at *4

---

[1] As stated in my original review of his complaint, plaintiff made various other allegations that spanned many years, but it was difficult to determine what plaintiff's issues were or what he wanted the court to do about them. (Dkt. No. 14 at 8-9).  The court assumes familiarity with my initial review of this case. (Dkt. No. 14).

2

(W.D.N.Y. Sept. 30, 2013)).

(Dkt. No. 14 at 16).  In his original complaint, plaintiff made only general complaints about his parole conditions and failed to specify what injunctive relief he was requesting.  Thus, the court recommended dismissing without prejudice as to NYS Parole, with leave to file an amended complaint. (Dkt. No. 14 at 16, 19).  I was very specific with respect to the form of any amended complaint that plaintiff filed. (Dkt. No. 14 at 18-19).

Plaintiff objected to the ORR,[2] but on December 19, 2019, the Honorable David N. Hurd adopted my recommendations, dismissing the complaint, with leave to amend only as to the Division of Parole as set forth above. (Dkt. No. 17).  On January 31, 2020, plaintiff filed two documents. (Dkt. Nos. 20, 21).  On the right side of the caption, the first-filed document is entitled: "Motion to Amend Complaint for Review by Magistrate Fed. R. App. P. (15, 27, and 43) Under Show Cause Mandamus." (Dkt. No. 20).  However, under the caption on the same page, the document is entitled "Objection to Proposed Report & Recommendation." (Dkt. No. 20 at 1).  The second document is entitled: "Motion for Preliminary Injunction - Providing Alternative to Injunction [Fed. R. Civ. P. 65(a) 28 U.S.C. § 2284 Which relates to Actions that Must be Heard by a Three-Judge Court." (Dkt. No. 21 at 1).

## II.   **Sufficiency of Pleading**

Once again, as in 18-CV-1071, plaintiff has failed to comply with the court's order.  Plaintiff was given specific instructions as to the form of the amended

---

[2] The document containing plaintiff's objections was labeled "amended complaint," even though there was no amended complaint attached. (*See* Dkt. No. 16).

3

complaint, but he has failed to present a submission that meaningfully addresses the deficiencies identified by this court and has failed to comply with the basic pleading requirements discussed in my ORR.

In his current submissions, plaintiff has only slightly changed the caption of the pleading. He now sues Tina Stanford, Chairperson of the New York State Division of Parole. Although plaintiff has substituted Andrew Saul as the current Commissioner of the Department of Social Security, there are still no cognizable claims against this defendant, and Judge Hurd did not allow an amendment as to the Commissioner. Plaintiff appears to still suing David Sutkowy as the Commissioner of DSS, and now lists "James Jordan"[3] as the Rescue Mission employee. Judge Hurd did not allow amendment as to either of these defendants.

The document which is entitled, inter alia, "Motion to Amend" begins by detailing further objections to both my ORR and Judge Hurd's decision adopting the ORR. (Dkt. No. 20 at 1-2). Plaintiff then cites the "Mandamus" statute and includes a "list" of topics under the heading "Notice of Application for Issuance of Preempted Writ of Mandamus." (Dkt. No. 20 at 2). The first seven items on plaintiff's list do not relate to the *conditions* of plaintiff's parole release. In fact, many of the issues listed by plaintiff have been dismissed by this court, including issues related to "plaintiff's arrest and conviction," the allegedly "defective indictment," the alleged 2011 assault by C.O. Peters (not a defendant in this or the original complaint); the validity of parole violations from 1994 to 2001, and the death of plaintiff's wife in 2013. (Dkt. No. 20 at

---

[3] The original complaint did not contain this defendant's last name.

2, 5 ¶¶ A-G. *See also* p.5 ¶ L(4) - Excessive Force from 2011).

The next two paragraphs discuss two separate parole violations and subsequent revocation of parole. (Dkt. No. 20 at 3, ¶¶ H-I). The first violation apparently occurred after he was released on April 5, 2017, from a previous "4 year Parole Violation." Plaintiff implies that he was improperly "discharged" from the Rescue Mission, and was charged with a parole violation after sleeping in Clinton Square. As a result, he was reincarcerated for twelve months. (Dkt. No. 20 at 3, ¶ H).

The second "violation" on plaintiff's list occurred after he was released from incarceration on October 4, 2018. (Dkt. No. 20 at 3, ¶ I). Plaintiff claims that "the matter of the staff person who discharged me previously lingered and James Jordan discharged me under pretext of drug use." (*Id.*) Plaintiff states that his drug test was negative, and he was ordered back to the Rescue Mission, but he was discharged again, notwithstanding a second "negative test." (*Id.*) Plaintiff claims that his parole was again revoked. He also claims that he received 18 month incarceration, when he should only have received 12 months. (*Id.*)

The next paragraph again discusses plaintiff's "objections" to the decisions of the Magistrate Judge and the District Judge. (Dkt. No. 20 at 3, ¶ J). The last paragraph is unintelligible and refers to "erroneous information." (Dkt. No. 20 at 3, ¶ K). Plaintiff's document looks more like an appeal of the ORR and subsequent order adopting the ORR than an amended complaint or even a "motion to amend." In fact, plaintiff's "Conclusion" specifically states that "I therefore respectfully ask that this Court reverse the judgment of the district court with a finding of facts in favor of the appellant." (Dkt. No. 20 at 6). The last sentence states that "in the alternative, the court should remand

5

the case for a fair and impartial trial before an unprejudicial [sic] jury on proper evidence and under correct instructions as is just and proper." (*Id.*)

Plaintiff's "Motion for a Preliminary Injunction" is also unrelated to any conditions of parole claims. (Dkt. No. 21). The first sentence of plaintiff's motion asks the court to enjoin the "defendants" from "continuing to keep plaintiff without curing the defective indictment." (*Id.* at 1). The second sentence brings up the "excessive" force claim that was dismissed with prejudice in 18-CV-1071. (*Id.*) He also again complains about the suspension of his Social Security benefits, an issue that this court dismissed *without* the opportunity to amend. (*Id.*) Clearly, this document is not in compliance with the court's order. Thus, both plaintiff's motion to amend, and his motion for "preliminary injunction" must be denied as neither complies with Judge Hurd's order to submit a proposed amended complaint related to the very narrow issue identified by the court.[4]

## III. Opportunity to Amend

### A. Legal Standard

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

---

[4] Although I was giving the plaintiff's original complaint a very liberal reading when I determined that plaintiff should have an opportunity to amend on the limited issue of "conditions" of parole, his current "motions" make it clear that he is seeking to invalidate the parole revocations and is seeking, inter alia, release from confinement. Such a claim is not available under section 1983 as discussed below.

**B.     Application**

Plaintiff was given an opportunity to amend in 18-CV-1071 and in this action. Plaintiff failed to comply with the court's orders in both cases. He has insisted on filing claims that have been dismissed by this and other courts with prejudice. Thus, giving plaintiff another opportunity to amend would be futile.

In addition, to the extent that plaintiff claims that the parole revocations were wrongly decided and challenges his current incarceration, such claims would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* bars challenges under section 1983 to parole revocation decisions until those decisions have been reversed on direct appeal, expunged by executive order, declared invalid by a State tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-87. Thus, to the extent that any decision in plaintiff's favor would call into question the validity of his incarceration, he may not bring such a claim under section 1983.

While *Heck* does not bar damage claims under section 1983 based on conditions of release or incorrect procedures that do not challenge the result of the proceeding, it is clear in this case that plaintiff believes that the wrong result was reached and he should be released from confinement. Thus, any such claim must be dismissed because plaintiff has not obtained reversal of the parole revocation as stated above. To the extent that plaintiff claims that the Rescue Mission employees improperly discharged him, subjecting him to possible parole revocation, as stated in my prior order, such employees do not act under color of state law for purposes of section 1983.[5] Thus, I

---

[5] The court also notes that in order to state a constitutional violation under section 1983, improper removal from a program would generally be brought as a due process claim. In order to state

recommend that plaintiff's motion to amend and motion for preliminary injunction both be denied, and the complaint dismissed.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's motion to amend (Dkt. No. 20) and motion for preliminary injunction (Dkt. No. 21) be **DENIED**, and the complaint be **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE BUT WITHOUT FURTHER OPPORTUNITY FOR AMENDMENT**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February 12, 2020

Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

a procedural due process claim, in addition to alleging that the defendant acted under color of state law, plaintiff would also have to allege the existence of a liberty or property interest that was deprived and a deprivation of that interest without due process of law. *Ford v. Miller*, No. 18-CV-1815, 2019 WL 6831640, at *7 (S.D.N.Y. Aug. 23, 2019) (Rep't-Rec.) (citations omitted).  In *Ford*, the court held that a plaintiff did not have a protected liberty interest in discharge from a residential treatment center which, in turn, led to constitutionally adequate parole revocation proceedings. *Id.* at *9 (citing inter alia *Moore v. Peters*, 92 F. Supp. 3d 109, 123,  (W.D.N.Y. Feb. 11, 2011) (plaintiff did not have a liberty interest in remaining in a drug treatment program).  In addition, as stated above, the Rescue Mission personnel do not act under color of state law in any event.